IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03182-M

THEODORE MACON CARRINGTON, Jr., )
)
Plaintiff, )
)
v. ) ORDER
)
WARDEN THOMAS SCARANTINO, et al., )
)
Defendants. )

On June 12, 2023, Theodore Macon Carrington, Jr. ("plaintiff"), a civil detainee at Federal Medical Center ("F.M.C.") Butner, filed *pro se* a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). See Compl. [D.E. 1] (generally alleging prison mail interference at F.M.C. Butner from January 2021 to June 2023).

On February 8, 2024, the court conducted initial review under 28 U.S.C. § 1915, dismissed the complaint for failure to state a claim, and entered judgment. See Order [D.E. 6]; J. [D.E. 7].

On February 23 and 29, 2024, respectively, plaintiff filed motions arguing that the order dismissing the complaint should be vacated because the court "disregarded the plaintiff's rights to a jury trial [sic]," and because the alleged tampering with his mail at F.M.C. Butner amounts to a violation of his civil rights and a felony. See Mot. [D.E. 8]; Mot. [D.E. 9]. The court liberally construes plaintiff's instant motions as seeking reconsideration of the dismissal of the complaint. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

The decision to alter or amend a judgment is within the sound discretion of the court. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002).

Although the court liberally construes a *pro se* complaint to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319, 322 (1972), this requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, see Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Here, plaintiff merely disagrees with the court's prior decision, but he fails to satisfy the governing standards for reconsideration under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010) (noting threshold requirements for relief under Rule 60(b) require the movant to, *inter alia*, raise a "meritorious claim or defense" and show "exceptional circumstances warrant the relief"); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (recognizing the following grounds for granting a Rule 59(e) motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice."); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and quotation marks omitted)).

Accordingly, the court DENIES plaintiff's instant motions for reconsideration [D.E. 8, 9], and DIRECTS the clerk to accept no further filings in this case aside from any appeal.

SO ORDERED this 19th day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge